THE defendant was a member of a grand jury at the Circuit Court of Madison, in September, 1810, and was himself presented by the grand jury for unlawful gaming. At the next term he appeared, and filed Ms plea by which he prayed that the presentment might be quashed, “ because he says that he the said William *187 “Strother, one of the grand jury who found the present» “ ment aforesaid, at the time of hotting the same, held “ an office, or appointment tinder the authority of the “ United States, viz, an appointment to take the census “for the county of Madison, and this he is ready to “ verify, &c.” The attorney for the commonwealth demurred to the plea, and set forth the following causes of demurrer; 1st, That if William Strother was appointed to take the census, it does not thereby vitiate a presentment made by a grand jury, of which he was a member: 2d, It is not set forth that he was ever sworn into the office, or that he ever acted in it; 3d, That the said plea is one in abatement, and ought to be sworn to; and 4th, That it is double, uncertain, and wants form. The circuit court adjourned the following questions to the general court: 1st, Whether an appointment under a law of congress, to take the census of the county of Madison, disqualifies the person appointed, from serving on the, grand jury: 2d, If the person holding this appointment shall be deemed disqualified, can he take advantage of it, by plea to a presentment made by the grand jury, of which he was a member, notwithstanding it was composed of twenty one, exclusive of himself.
November 15, 1811. Present, Judges White, Carring-ton, Stuart, Holmes, Brockenbrough. Smith, and Allen. The court decided unanimously, “ that an appointment *188 “ under a law of congress to take the census of the county “ of Madison, does not disqualify the person appointed “ from being a member of the grand jury.” It was deemed unnecessary to answer the second question.